P. Lynn LOE

v.

**TOWN OF THOMASTON, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 20, 1991.
Decided Dec. 23, 1991.

Roger R. Therriault (orally), Bath, for plaintiff.

Randal E. Watkinson (orally), Strout, Payson, Pellicani, Hokkanen, Strong & Levine, Rockland, William H. Welte (orally), Joseph M. Cloutier Ass'n, Rockport, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

P. Lynn Loe appeals from a summary judgment entered in the Superior Court (Knox County, *Silsby, J.*) in favor of the defendants, the Town of Thomaston and William H. Judson, the town manager, on her action for an alleged breach of contract, defamation, invasion of privacy, intentional infliction of emotional distress, wrongful discharge, and a violation of her civil rights pursuant to 42 U.S.C.A. § 1983. We find no error in the record and affirm the judgment of the Superior Court.

The Town hired Loe as a secretary and bookkeeper in September 1986. Loe had no bookkeeping experience, and in January 1988, having become increasingly dissatisfied with her expanded bookkeeping responsibilities, she informed Judson that the job was not working out and that she would be seeking other employment. After examining the Town's books, Judson requested that Loe submit a letter of resignation. Loe refused and sought the help of a union representative to initiate a grievance against the defendants on her behalf. During the grievance proceedings, the union representative negotiated a settlement that resulted in a $10,000 payment to Loe by the Town in exchange for her resignation and a signed release of all claims against the Town.

Soon after execution of the settlement agreement, a series of newspaper articles revealed that (1) Loe had resigned for personal reasons, (2) Loe had received a $10,000 settlement from the Town, and (3) the Town's books were in disarray. Loe instituted the instant action against the defendants. By their answer, the defendants

alleged, *inter alia*, the affirmative defense of the Statute of Frauds and subsequently filed a motion for a summary judgment. After a hearing, the court granted the defendants' motion for a summary judgment, and Loe appeals.

A summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, ... show that there is no genuine issue as to any material fact ... and that any party is entitled to a judgment as a matter of law." M.R.Civ.P. 56(c). In reviewing a summary judgment, we view the evidence in the light most favorable to the party against whom judgment has been granted and the trial court's conclusions for errors of law. *Hunnewell v. Liberty Mut. Fire Ins. Co.*, 588 A.2d 300, 302 (Me.1991).

Loe contends that there was an oral agreement between the parties to keep the existence and terms of the settlement agreement confidential "forever" and that the settlement check, letter of resignation and release comprise written memoranda sufficient to satisfy the requirements of the Statute of Frauds.[1] She also argues that the existence of these materials allows her to prove the oral agreement by parol evidence.

■ The record reveals that no representative of the Town signed her letter of resignation or release, and the check was not a part of the record before the court. Accordingly, Loe failed to generate any factual issue of a written agreement sufficient to satisfy the Statute of Frauds. Nor would these documents allow Loe to attempt to establish the claimed oral agreement by parol evidence. When there is an integrated contract, the parol evidence rule excludes from judicial consideration extrin-

sic evidence that alters or varies unambiguous contractual language. *Astor v. Boulos Co.*, 451 A.2d 903, 905 (Me.1982). The scope of exclusion is controlled by the degree of integration. *Id.* The agreements and negotiations of the parties preceding the formation of a written contract may be considered to determine whether a writing was intended to be a binding integrated agreement and, if so, whether it was partially or completely integrated. *Interstate Indus. Uniform Rental Serv., Inc. v. F.R. LePage Bakery, Inc.*, 413 A.2d 516, 519 (Me.1980).

■ It is beyond dispute that the terms of the settlement agreement in this case called for a $10,000 payment to Loe in exchange for her resignation and a general release of all claims against the Town. The signed release recites the $10,000 consideration given by the Town, but is silent with respect to Loe's resignation. It is, therefore, a binding partially integrated agreement. Under the parol evidence rule a binding partially integrated agreement discharges prior agreements to the extent that it is inconsistent with them. *Astor v. Boulos Co.*, 451 A.2d at 905; *see Restatement (Second) of Contracts* § 213(1). The release discharged the Town from, *inter alia*, all "covenants," "agreements," and "promises" made "from the beginning of the world to the day" the release was executed, without any reservation concerning the alleged oral promise to keep the terms of the settlement confidential. The alleged oral promise is inconsistent with the terms of the release, and is therefore discharged.

■ Loe next contends that she was defamed by the newspaper reports that revealed her resignation and the terms of the settlement agreement. Defamation requires, as an essential element, the falsity

---

1. The Statute of Frauds provides in relevant part:

    No action shall be maintained in any of the following cases:

    ....

    **5. Agreement not to be performed within one year.** Upon any agreement that is not to be performed within one year from the making thereof;

    ....

    unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized; but the consideration thereof need not be expressed therein, and may be proved otherwise.

    33 M.R.S.A. § 51 (1988).

of a published statement. *See Caron v. Bangor Publishing Co.*, 470 A.2d 782, 784 (Me.), *cert. denied*, 467 U.S. 1241, 104 S.Ct. 3512, 82 L.Ed.2d 821 (1984). Loe admits that none of the published statements are inaccurate or false. She admits that the impression that she was incompetent to keep the Town's books would not be a false impression and that the job was beyond her abilities. Loe's defamation claim is unsupported by any evidence that the published reports or inferences that reasonably could be drawn therefrom were false.

■ Loe also contends that disclosure of the settlement terms constituted an invasion of her privacy. To withstand a summary judgment on this claim she must present facts tending to show that the newspaper articles (1) intruded upon her physical and mental solitude or seclusion, (2) publicly disclosed private facts, (3) placed her in a false light in the public eye, or (4) appropriated her name or likeness for the Town's benefit. *MacKerron v. Madura*, 445 A.2d 680, 682 (Me.1982); *Nelson v. Times*, 373 A.2d 1221, 1223–25 (Me.1977); *Estate of Berthiaume v. Pratt, M.D.*, 365 A.2d 792, 795 (Me.1976). Each of these interests in privacy is distinct and is subject to different kinds of invasion. *See Estate of Berthiaume v. Pratt, M.D.*, 365 A.2d at 795. Loe contends that her interests in the first two types of privacy, solitude and private facts were invaded by the publication of the settlement terms.

■ A complaint of intrusion upon physical or mental solitude "should minimally allege a physical intrusion upon premises occupied privately by a plaintiff for purposes of seclusion." *Nelson v. Times*, 373 A.2d at 1223; *see also Estate of Berthiaume v. Pratt, M.D.*, 365 A.2d at 795 (photograph taken of dying patient in a hospital bed over patient's objection was an invasion of privacy). Loe presents no evidence that the defendants physically invaded premises that she occupied for purposes of seclusion.

■ Disclosure of private facts, to be actionable, requires more than a mere exposure to undesired publicity. *Nelson v. Times*, 373 A.2d at 1225. To be actionable, the publicity must be given to private matters as opposed to the public life of the plaintiff and must also be of a kind that would be highly offensive to a reasonable person. *Id.* Specifically, the articles in this case disclosed Loe's resignation for personal reasons, the $10,000 settlement reached between her and the Town, and the fact that the Town's books were in disarray. Each of these facts is a matter of public concern to the Town's taxpayers and not private matters in which Loe can properly claim a protectible interest. Such publication is not of a kind that would be highly offensive to a reasonable person.

■ Loe next contends that by the disclosure of the settlement terms the defendants intentionally caused her emotional distress. To withstand summary judgment on this claim she must present facts tending to show that (1) the defendants "intentionally or recklessly inflicted severe emotional distress or [were] certain or substantially certain that such distress would result from [their] conduct"; (2) the "conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community"; (3) the actions of the defendants caused Loe's emotional distress; and (4) Loe suffered emotional distress "so severe that no reasonable [person] could be expected to endure it." *Finn v. Lipman*, 526 A.2d 1380, 1382 (Me.1987); *see Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me.1979).

■ The conduct on which Loe bases the allegation of emotional distress is limited to publication of the settlement terms. She contends the publicity concerning the settlement generated a strain in her marriage causing her to seek counseling for the first time about one year after her resignation and the publication of the newspaper articles. We find no material facts in this record that would generate a genuine issue regarding the egregiousness of the defendants' alleged conduct or the severity of Loe's claimed emotional distress.

██ Nor are Loe's claims for wrongful discharge and violation of her civil rights [2] supported by the record. Even if a property interest in her job entitled Loe to notice and a hearing before she could be properly dismissed, *see Small v. Inhabitants of City of Belfast,* 796 F.2d 544, 549–50 (1st Cir.1986); *Hammond v. Temporary Compensation Review Bd.,* 473 A.2d 1267, 1272 (Me.1984); *Lovejoy v. Grant,* 434 A.2d 45, 49–50 (Me.1981), she was not dismissed. The settlement agreement was voluntarily negotiated by the parties and incorporated Loe's voluntary general release of all claims against the Town. Any procedural defects in the initial attempt by the defendants to discharge Loe were rendered moot by her voluntary resignation and her execution of the general release.

We hold that because *Loe* failed to generate a genuine issue of material fact as to any of the issues presented, and the defendants were entitled to a judgment as a matter of law, the trial court properly granted the defendants' motion for a summary judgment.

The entry is:

Judgment affirmed.

All concurring.

---

2. Loe claims that her employment terminated in a fashion that amounts to a wrongful discharge that unconstitutionally deprived her of a property interest in her job and entitled her to damages as provided by the pertinent language of 42 U.S.C.A. § 1983 (West 1981):

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....