■ HERMAN MALAMOOD, Respondent-Appellant, v KIAMESHA CONCORD, INC., Doing Business as CONCORD RESORT HOTEL, Appellant-Respondent.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered June 28, 1989, which, *inter alia,* denied plaintiff's motion to disqualify defendant's attorneys without prejudice to renewal upon completion of discovery, and denied defendant's cross-motion to dismiss the first three causes of action of the complaint pursuant to CPLR 3211, unanimously modified, on the law, to the extent of granting defendant's cross-motion to dismiss the second and third causes of action, and the order is otherwise affirmed, without costs.

Plaintiff alleged in his complaint he was retained in or about 1975 as defendant's cantor for Passover and High Holiday services for life. As a first cause of action for disability discrimination, it was claimed he was terminated in September 1988 solely on grounds of his medical condition, cancer, which did not prevent him from performing the employment activities in a reasonable manner. His second cause of action was for breach of contract, and the third, a claim of intentional infliction of extreme emotional distress based upon statements of defendant's representatives, in the course of such alleged termination, such as "you are through" and "you are finished". In two affidavits on the cross-motions, plaintiff submitted additional facts, including that he had prevailed upon defendant's representatives to allow him to sing at the 1988 High Holiday services, without compensation.

The second cause of action for breach of contract should have been dismissed upon defendant's invocation of the Statute of Frauds (General Obligations Law § 5-701 [a] [1]; *Harris v Home Indem. Co.,* 16 Misc 2d 586, *affd* 6 AD2d 861). To the extent plaintiff asserted in his affidavit that he had always responded to defendant's oral promises of lifetime employment with the words such as "only as long as I can deliver" there was no showing even under this version that such qualifica-

tion was incorporated into the parties' agreement. In any event, such qualification would not serve to take the matter outside the scope of the Statute of Frauds *(D & N Boening v Kirsch Beverages,* 63 NY2d 449).

The third cause of action fails to state a cause of action, as the statements alleged and asserted by plaintiff to have been addressed to him are insufficiently outrageous and atrocious *(Fischer v Maloney,* 43 NY2d 553; *Murphy v American Home Prods. Corp.,* 58 NY2d 293). Whether plaintiff was in fact terminated on the impermissible grounds of his medical condition or whether he simply was not hired for compensation on such grounds, the first cause of action for disability discrimination is sufficient *(State Div. of Human Rights v Xerox Corp.,* 65 NY2d 213; *Matter of Miller v Ravitch,* 60 NY2d 527). Finally, in these circumstances, we perceive no error in the court's deferral of action upon plaintiff's request to disqualify defendant's counsel until after the completion of discovery *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437). Concur—Murphy, P. J., Sullivan, Carro and Wallach, JJ.