■ ANNA MALAMOOD, as Executrix of HERMAN MALAMOOD, Deceased, Respondent, v KIAMESHA CONCORD, INC., Doing Business as CONCORD RESORT HOTEL, Appellant. [619 NYS2d 30] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered July 7, 1994, denying defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

On an earlier appeal (182 AD2d 359) we, *inter alia,* sustained plaintiff's decedent's first cause of action for disability discrimination under Executive Law § 296 (1) (a), wherein it was claimed decedent was terminated from his cantorial services due to his medical condition. On this appeal, we agree with the IAS Court's conclusion that triable material issues of fact exist concerning whether plaintiff's decedent was an employee or independent contractor of defendant. The determination of whether one is an independent contractor generally involves a question of fact concerning which party controls the methods and means by which work is to be done *(Lazo v Mak's Trading Co.,* 199 AD2d 165, 166, *affd* 84 NY2d 896). Here, plaintiff came forward with sufficient proof in admissible form on the issue of control to preclude a determination as a matter of law. In particular, the affidavit from the musical director raises issues of fact concerning the degree of control defendant had over decedent and members of the choir in performing religious services. That decedent had incorporated a business to receive payment for certain services rendered at defendant's resort is not dispositive of the issue of whether defendant hired plaintiff's decedent in an individual capacity or as a corporate entity *(cf., Matter of Hopkins v Players' Three,* 99 AD2d 912, 913). Concur—Ellerin, J. P., Wallach, Ross and Williams, JJ.