■ JOHN DOE, Respondent, v JANE ROE et al., Appellants. [620 NYS2d 666] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that part of defendants' motion seeking leave to renew. Defendants

failed to establish that the purported "new" material was not in existence or was unavailable at the time the initial motion was made and to proffer a valid excuse for failing to submit that material in support of their initial motion (see, Lindsay v Funtime, Inc., 184 AD2d 1036; Foley v Roche, 68 AD2d 558, lv denied 56 NY2d 507). Moreover, the "new" material was cumulative of other evidence considered by the court on the initial motion (see, Doe v Roe, 155 Misc 2d 392, 409-410) and by this Court on the prior appeal (see, Doe v Roe, 190 AD2d 463, lv dismissed 82 NY2d 846), and would not have warranted a different result (see, Kirchoff v International Harvester Co., 138 AD2d 820, 821).

The court improvidently exercised its discretion, however, in denying that part of defendants' motion seeking leave to amend the answer to assert the Statute of Frauds as an affirmative defense to the cause of action for breach of an oral promise of confidentiality (see, General Obligations Law § 5-701 [a] [1]). The promise of a physician to maintain the confidentiality of a patient's HIV status extends indefinitely beyond the time that treatment is provided and continues until it is waived by the patient. Because the physician cannot waive the privilege, the promise is one that cannot be performed within a lifetime (see, Loe v Town of Thomaston, 600 A2d 1090 [Me]; cf., Malamood v Kiamesha Concord, 182 AD2d 359). Thus, the court erred in concluding that the defense was without merit, and leave to amend should have been granted. (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Renewal.) Present—Green, J. P., Balio, Wesley, Callahan and Doerr, JJ.