STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-149
6AB -YOR 4/6/2001

MARTIN J. VELISHKA,

Plaintiff

v.

ORDER

CONCENTRA MANAGED CARE, INC.,

Defendant

This matter is before the Court on Defendant's motion to dismiss or for a more definite statement. For reasons stated below, the motion to dismiss is Granted.

On March 29, 1999, Martin Velishka sustained multiple injuries while working on a house under construction in Cape Neddick, Maine. Velishka alleges that Commercial Union Insurance Company, Velishka's workers' compensation insurance carrier, requested Concentra Managed Care Services (Concentra) to provide medical case management services for Velishka. It is alleged that Concentra accessed Velishka's medical records without Velishka's authorization. Velishka argues that because he never signed a consent form allowing Concentra to acquire his medical records, his right to privacy was violated.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. Plimpton v. Gerrard, 668 A.2d 882, 885 (Me. 1995). When reviewing a motion to dismiss, the allegations of the complaint are accepted as true and the complaint is examined in the light most favorable to the plaintiff. Id. Dismissal is

only appropriate where it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim. Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996).

Concentra argues that its conduct was authorized pursuant to 39-A M.R.S.A. § 208. Section 208(1) states:

> Authorization from the employee for release of medical information by health care providers to the employer is not required if the information pertains to treatment of an injury or disease that is claimed to be compensable under this Act.

Under the Maine Workers' Compensation Act, "employer" includes the insurer, which in the present case is Commercial Union. See 39-A M.R.S.A. § 102(12). Under § 208 therefore, Commercial Union could access Velishka's medical records without Velishka's authorization. As alleged in the Complaint, Concentra was retained by Commercial Union to access Velishka's medical records and manage his care. Concentra was therefore acting as Commercial Union's agent and as such could also access Velishka's medical records without his authorization.

Therefore, although Concentra issued Velishka a "Professional Consent" form to be signed, Concentra was not legally obligated to obtain his consent. As well, on June 3, 1999, a representative of Commercial Union, responding to Velishka's concerns regarding his medical records, stated that if Velishka did not wish to work with Concentra, Commercial Union would discontinue Concentra's services. Concentra's relationship with Commercial Union, insofar as Velishka's claim is concerned, was presumably terminated shortly thereafter. There are no allegations in the Complaint or accompanying Affidavit that Concentra exceeded the scope of

2

the agency relationship by accessing Velishka's medical records after June 3, 1999. For these reasons, Concentra legally obtained Velishka's medical records and Velishka's Complaint should be dismissed.

Alternatively, Velishka's claim that his right to privacy was violated also fails. There are four distinct kinds of invasion of privacy: (1) intrusion upon the plaintiff's physical and mental solitude or seclusion; (2) public disclosure of private facts; (3) publicity which places the plaintiff in a false light in the public eye; (4) appropriation for the defendant's benefit or advantage of the plaintiff's name or likeness. Estate of Berthiaume v. Pratt, 365 A.2d 792, 795 (Me. 1976).

A complaint of intrusion upon physical or mental solitude "should minimally allege a physical intrusion upon premises occupied privately by a plaintiff for purposes of seclusion." Loe v. Town of Thomaston, 600 A.2d 1090, 1093 (Me. 1991). Velishka does not allege facts regarding a physical invasion of premises he occupied for purposes of seclusion.

Public disclosure of private facts is also inapplicable to the facts as alleged. Disclosure of private facts requires exposure to undesired publicity. See id. To be actionable, the publicity must be of a kind that is highly offensive to a reasonable person. Id. Velishka does not allege that he was exposed to undesired publicity. The third and fourth types of invasion of privacy are clearly not supported by the allegations in the Complaint.

3

Thus, the entry will be as follows:

Defendant's Motion to Dismiss is Granted.

Plaintiff's complaint is Dismissed without prejudice.[1]

The clerk may incorporate this order in the docket by reference.

Dated:        April 6 , 2001

G. Arthur Brennan
Justice, Superior Court

Martin J. Velishka - PL - pro se
Gregory P. Hansel, Esq. - DEF

---

[1] In some cases it is prudent to permit a plaintiff to amend the complaint to allege a cause of action before granting a motion to dismiss. On the facts presently asserted, it is difficult to perceive a valid claim. However, recognizing that Mr. Velishka is representing himself, the dismissal without prejudice will not foreclose a subsequent claim if facts to support such a claim come to light.