Dan's Hauling & Demo, Inc. v GMMM Hickling, LLC (2023 NY Slip Op 04026)

Dan's Hauling & Demo, Inc. v GMMM Hickling, LLC

2023 NY Slip Op 04026

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

432 CA 22-01588

[*1]DAN'S HAULING & DEMO, INC., PLAINTIFF-APPELLANT,
v
GMMM HICKLING, LLC, HICKLING POWER DEVELOPMENT, LLC, POWER DEVELOPMENT HOLDINGS, LLC, AND JOHN PACHECO, DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 

THE STEELE LAW FIRM, P.C., OSWEGO (KIMBERLY A. STEELE OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Steuben County (J. Scott Odorisi, J.), entered September 29, 2022. The order, among other things, granted the motion of defendant John Pacheco for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of defendant John Pacheco in part and reinstating the fourth through sixth causes of action against that defendant, and as modified the order is affirmed without costs.
Memorandum: These appeals arise from an asset purchase and sale agreement (agreement) between plaintiff and defendant GMMM Hickling, LLC (GMMM). The other defendants are associated with GMMM. Pursuant to the agreement, plaintiff agreed to remove hazardous materials from defendants' power plant, perform demolition work, and pay a sum of money to defendants. In exchange, plaintiff was allowed to remove salvaged metal generated by the project, which plaintiff would then sell to others, and plaintiff agreed to pay defendants the "purchase price" in four installments. Defendants terminated the agreement on the ground that plaintiff failed to comply with the terms of the payment clause. Plaintiff thereafter commenced this action, and Supreme Court (Bradstreet, J.) issued an order granting plaintiff a preliminary injunction, directing defendants to open the property and allow plaintiff to continue its work and ordering plaintiff to file an undertaking in the amount of $375,000 (2018 order). In that order, the court also denied plaintiff's application for the appointment of a receiver but granted plaintiff's application for attorney's fees related to the preliminary injunction.
Defendants filed a motion for leave to reargue the 2018 order, and plaintiff cross-moved for summary judgment on its complaint. Defendants later withdrew their motion "with the exception of [their] objection to any award of attorney's fees." The court (Rosenbaum, J.) denied plaintiff's cross-motion, searched the record and granted defendants summary judgment on the breach of contract cause of action and on defendants' first counterclaim, for breach of contract, with respect to liability (2019 order). In a prior appeal, we concluded, inter alia, that the payment clause was ambiguous and that the court erred in granting defendants summary judgment dismissing plaintiff's breach of contract cause of action and with respect to liability on defendants' first counterclaim (Dan's Hauling & Demo, Inc. v GMMM Hickling, LLC, 193 AD3d 1404, 1408 [4th Dept 2021]).
Following our decision, defendants moved to vacate the preliminary injunction (September 2021 motion). Plaintiff opposed the motion and cross-moved, in the alternative, for [*2]either the appointment of a receiver or the issuance of an attachment (November 2021 cross-motion). Plaintiff also sought an order "awarding [p]laintiff its reasonable attorney['s] fees and costs incurred" as a result of the new motion and cross-motion. Plaintiff further reminded the court that it had failed to set the amount of attorney's fees awarded in the 2018 order.
Insofar as relevant here, the court (Odorisi, J.), in the order in appeal No. 1, granted defendants' September 2021 motion with respect to their request to vacate the preliminary injunction and denied plaintiff's November 2021 cross-motion with respect to its requests to appoint a receiver and for attorney's fees and costs.
Following the order in appeal No. 1, plaintiff's attorney sent a letter to the court reminding it that there was still an outstanding award for attorney's fees that needed to be addressed. Based on the fact that the preliminary injunction had been vacated, defendants sent a letter contending that the 2018 award for attorney's fees should likewise be vacated. Plaintiff then moved for leave to renew or reargue the issue related to the appointment of a receiver, or for a stay of the order in appeal No. 1 pending appeal (April 2022 motion). Defendants cross-moved to vacate the 2018 order insofar as it awarded plaintiff attorney's fees (May 2022 cross-motion). In addition, defendant John Pacheco moved for summary judgment dismissing the complaint against him, contending that, inasmuch as he acted solely as an authorized and disclosed agent of defendants, he could not be personally or individually liable for any of the causes of action.
In the order in appeal No. 2, the court (Odorisi, J.), inter alia, denied plaintiff's April 2022 motion insofar as it sought leave to renew or reargue its November 2021 cross-motion, but granted plaintiff's April 2022 motion insofar as it sought a stay of the order in appeal No. 1 pending appeal; granted defendants' May 2022 cross-motion with respect to their request to vacate the 2018 award of attorney's fees; and granted Pacheco's motion, dismissing the entire complaint against him. Plaintiff appeals from the orders in both appeals.
Contrary to plaintiff's contention in appeal No. 1, the court properly granted defendants' September 2021 motion with respect to their request to vacate the preliminary injunction inasmuch as plaintiff failed to post the required undertaking (see Price v Erie County Bd. of Elections, 72 AD2d 969, 970 [4th Dept 1979]; see also Cade v New York Community Bank, 18 AD3d 489, 491 [2d Dept 2005]; Metropolis Seaport Assoc. v South St. Seaport Corp., 253 AD2d 663, 664 [1st Dept 1998]). We reject plaintiff's contention that defendants waived their right to challenge plaintiff's failure to post the undertaking by failing to appeal the 2018 order. Defendants are not challenging the propriety of the 2018 order granting the preliminary injunction; instead, they contend, correctly, that changed circumstances warrant vacatur of the preliminary injunction. The 2018 order required the undertaking, and plaintiff never paid that undertaking.
Plaintiff further contends, in appeal No. 1, that the court erred in refusing to appoint a receiver. We reject that contention. "The appointment of a temporary receiver is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits . . . , and should be granted only where the moving party has made a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect the moving party's interests" (Suissa v Baron, 107 AD3d 689, 689 [2d Dept 2013] [internal quotation marks omitted]; see Cyngiel v Krigsman, 192 AD3d 760, 761-762 [2d Dept 2021]; Vardaris Tech, Inc. v Paleros Inc., 49 AD3d 631, 632 [2d Dept 2008]). It is well established that "[t]he appointment of a receiver is a matter of judicial discretion" (R. G. Kenny Elec. v Village Mall at Hillcrest, 50 AD2d 802, 802 [2d Dept 1975]; see 64 B Venture v American Realty Co., 194 AD2d 504, 504 [1st Dept 1993]).
Here, although plaintiff established an interest in the property subject to the agreement, plaintiff did not establish a necessity for a receiver to conserve the property. Under the circumstances, we cannot conclude that the court abused its discretion in refusing to appoint a receiver (see Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 926, 926 [2d Dept 2019]; see also Matter of Brady v Brady, 193 AD3d 1434, 1435 [4th Dept 2021]; Silvestri v Ferrara, 270 AD2d 19, 19 [1st Dept 2000], lv dismissed 95 NY2d 825 [2000]).
We further reject plaintiff's contention in appeal No. 2 that the court erred in denying its April 2022 motion insofar as it sought leave to renew its November 2021 cross-motion with [*3]respect to the appointment of a receiver. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). Regardless of whether the new facts alleged by plaintiff could have been discovered or whether plaintiff had a reasonable excuse for failing to submit that evidence in the November 2021 cross-motion (see generally Foxworth v Jenkins, 60 AD3d 1306, 1307 [4th Dept 2009]), the court properly concluded that the new facts were "cumulative of other evidence considered by the court on the [November 2021 cross-]motion" (Doe v Roe, 210 AD2d 932, 933 [4th Dept 1994]; see Walton & Willet Stone Block, LLC v City of Oswego Community Dev. Off., 175 AD3d 882, 883 [4th Dept 2019], appeal dismissed 34 NY3d 1145 [2020]) and would not have changed the result of that cross-motion (see Boreanaz v Facer-Kreidler, 2 AD3d 1481, 1482 [4th Dept 2003]; see also Cole v North Am. Adm'rs, Inc., 11 AD3d 974, 975 [4th Dept 2004]; see generally Schachtler Stone Prods., LLC v Town of Marshall, 209 AD3d 1316, 1320 [4th Dept 2022]; Doe, 210 AD2d at 932-933).
Plaintiff further contends in appeal No. 2 that the court erred in granting Pacheco's motion insofar as it sought summary judgment dismissing the tort causes of action asserted against him. We agree and note that plaintiff, by not raising any challenge to the court's dismissal of the remaining causes of action against Pacheco, has abandoned any contention that the court erred in dismissing those causes of action against him (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Plaintiff correctly contends that Pacheco's moving papers failed to address any potential liability with respect to the tort causes of action against him. As a result, we conclude that he failed to meet his initial burden on his motion with respect to those causes of action, and the burden never shifted to plaintiff to raise a triable issue of fact with respect thereto (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We therefore modify the order in appeal No. 2 accordingly. We note that the documents submitted and the arguments raised for the first time in reply have not been considered in determining whether Pacheco met his initial burden of proof (see generally Jackson v Vatter, 121 AD3d 1588, 1589 [4th Dept 2014]; Covanta Niagara, L.P. v Town of Amherst, 70 AD3d 1440, 1443 [4th Dept 2010]).
Finally, we conclude in appeal No. 2 that the court did not abuse its discretion in granting defendants' May 2022 cross-motion with respect to their request to vacate the award of attorney's fees arising from the preliminary injunction that has since been lifted (see generally CPLR 5015 [a] [5]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court