Jambs D. Hopkins, J.
In an action to recover damages for slander, the plaintiff moves (1) to strike out the first defense in the answer alleging the truth of the words spoken on the ground that it is insufficient in law (Rules Civ. Prac., rule 109), and (2) to strike out the second defense in the answer alleging that the words were spoken in the course of an action pending in the United States District Court for the Southern District of New York, and were pertinent to the action, on the ground that the defense is sham and frivolous (Rules Civ. Prac., rule 103). The complaint alleges that the defendants maliciously and falsely stated that “ there was a warrant out for his (plaintiff) arrest in the Town of Glastonbury for molestation of a minor and should he (plaintiff) reenter the State of Connecticut, he will be arrested immediately.”
Preliminarily, the defendants resist the motion under rule 103 for the reason that it was not served within the time required by law. The defendants maintain that their answer was served by mail on September 8, 1961, and the motion was made on October 4, 1961, or 26 days thereafter. Rule 105 of the Rules of Civil Practice provides that a motion under rule 103 must be made within 20 days after the service of the answer. Since the answer was served by mail, 3 days are added to the prescribed 20 days (see Civ. Prac. Act, § 164). The plaintiff’s contention that the 23 days must be measured from September 12, 1961, the day his attorneys received the answer cannot be sustained. The measurement must be made from the date of mailing, not from the date of receipt (Jackson & Perkins Co. v. Rose Fair, 278 App. Div. 890; Desroches v. Caron, 11 Misc 2d 838).
However, the defendants have not confined their opposition to the motion under rule 103 to this point; they have also combined arguments in their affidavit with respect to the pertinence of the allegedly slanderous words to the then pending litigation. *645 By thus contesting the motion on the merits, they have in effect waived the defect in the service of the notice of motion (Matter of Glasser, 180 Misc. 311; Schoenberg v. State of New York, 206 Misc. 493). The substance of the defenses are accordingly reviewed by the court.
The first defense alleging truth as a justification is attacked by the plaintiff because it does no more than state that “ the words spoken of plaintiff as alleged in the complaint herein are true and were spoken without malice.” It is the undoubted rule that the defense of truth usually must be supported by allegations of fact as to what is claimed to be true (Meyers v. Huschle Bros., 273 App. Div. 107; Faulk v. Aware, Inc., 3 Misc 2d 833, affd. 3 A D 2d 703). Otherwise, the defense merely repeats the slander. But there is a recognized exception to this rule: When the defamatory words are themselves specific, rather than an assault on the general reputation, the defense of truth need not be more specific (Bingham v. Gaynor, 203 N. Y. 27, 34—35; Kelley v. Hearst Corp., 2 A D 2d 480). The pleading of truth as to a single occurrence is sufficient to advise the plaintiff as to the issue which he must meet. The words said to be slanderous here clearly charge the plaintiff of involvement in a single, specific transaction. As pleaded, therefore, the first defense is sufficient.
The defendants, invoking the right afforded under rule 109 to search the validity of the complaint (Baxter v. McDonnell, 154 N. Y. 432), urges that the words spoken are not slanderous per se. The character of words which are slanderous per se (as distinguished from libelous material) was defined in Moore v. Francis (121 N. Y. 199). One of the classes said to constitute actionable slander without more is the utterance of words charging the plaintiff with the commission of a crime involving moral turpitude. In this complaint the words alleged may fairly be construed to charge the plaintiff with a crime — since a warrant is said to have been issued for the plaintiff, and with a crime involving moral turpitude — since the 1 ‘ molestation of a minor” connotes a sexual offense (cf. Dudley v. Nowill, 11 App. Div. 203; Musacchio v. Maida, 137 N. Y. S. 2d 131). The complaint consequently survives the attack by the defendants upon plaintiff’s motion under rule 109.
The motion under rule 103 challenges the second defense as sham and frivolous on the ground that the spoken words could not be pertinent to the Federal action; and, therefore, not privileged. The affidavits submitted on this motion by the parties are not, as may be expected, either consistent or unclouded. An action was pending in the Southern District of New York, *646 brought by several plaintiffs against Carvel Corporation, and subsidiary corporations, for damages occasioned by alleged violations of the antitrust laws. Plaintiff in the present action at one time was an employee of Carvel Corporation; the defendants were the attorneys for the plaintiffs in the Federal action. It is claimed that the alleged slanderous statements were made during a discussion of a proposed settlement of the Federal action.
The privilege granted to the making of statements in a court proceeding is conditioned on the pertinence of the statements to the proceeding. But the requirement of pertinence is given a broad construction (People ex rel. Bensky v. Warden, 258 N. Y. 55, 59; Youmans v. Smith, 153 N. Y. 214; Roberts v. Pratt, 174 Misc. 585, 588). Certainly, the question of pertinence ought not to be decided on conflicting affidavits concerning the issues arising in what appears to be a rather complicated litigation. Only by a trial should the scope and extent of the privilege claimed be determined (cf. Douglas v. Collins, 243 App. Div. 546, affd. 267 N. Y. 557).
The defendants’ motion to dismiss the complaint is denied. The plaintiff’s motions to strike out the first and second defenses are denied.