■ John Prozeralik, Respondent, v Capital Cities Communications, Inc., Appellant. [635 NYS2d 913] —Judgment modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff met his burden of proving, with evidence of convincing clarity, that defendant made false statements concerning him "with 'actual malice'—that is, knowing they were false or subjectively entertaining serious doubt as to their truth" *(Mahoney v Adirondack Publ. Co.,* 71 NY2d 31, 35-36; *see, New York Times Co. v Sullivan,* 376 US 254, 279-280; *Prozeralik v Capital Cities Communications,* 82 NY2d 466, 474). Plaintiff's counsel improperly stated in the presence of the jury that plaintiff's former attorney, a defense witness, was the subject of a Federal Grand Jury investigation *(see, Dance v Town of Southampton,* 95 AD2d 442, 453). However, neither that comment nor the other alleged improprieties involving that witness deprived defendant of a fair trial *(see, Rohring v City of Niagara Falls,* 192 AD2d 228, 230-231, *affd* 84 NY2d 60). The court's instruction to the jury on actual malice was proper *(see, Prozeralik v Capital Cities Communications, supra;* PJI 3:28 [1995 Suppl]). Any error in excluding the testimony of defendant's reporter with respect to a statement made to her by an FBI Agent was harmless. That evidence was presented to the jury on several other occasions. The court properly excluded as irrelevant the testimony of two other reporters regarding their past dealings with that Agent. "The admission of expert evidence is a matter which rests within the discretion of the Trial Judge" *(Dufel v Green,* 84 NY2d 795, 797). The Trial Judge did not abuse her discretion in permitting expert testimony on journalistic standards and practices. We reject defendant's contention that the jury's award of compensatory damages is excessive. That award does not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]).

The record, however, does not support the jury's award of punitive damages. The evidence is insufficient to establish that the false statements concerning plaintiff were made "out of hatred, ill will, spite, criminal mental state or that traditionally required variety of common-law malice" *(Prozeralik v Capital Cities Communications, supra,* at 480). We modify the judgment, therefore, by vacating the award of punitive damages.

All concur except Lawton and Doerr, JJ., who dissent in part in the following Memorandum. Lawton and Doerr, JJ. (dissenting). We respectfully dissent in part. Upon constraint, we agree with the majority that plaintiff met his burden of establishing that defendant acted with actual malice and that the jury's determination that defendant acted with actual malice is established with "convincing clarity" *(Prozeralik v Capital Cities Communications,* 82 NY2d 466, 474). We likewise agree with the majority that a new trial is not warranted as the result of alleged errors in the rulings of the court or its charge to the jury. Finally, we agree with the majority that plaintiff failed to prove his entitlement to punitive damages.

We conclude, however, that the jury's awards of $6,000,000 for injury to reputation and $3,500,000 for emotional and physical injury deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]; *see also, Prozeralik v Capital Cities Communications,* 188 AD2d 178, 186-188 [Lawton and Doerr, JJ., dissenting], *revd* 82 NY2d 466, *supra).* Consequently, we vote to modify and grant a new trial on the issue of compensatory damages only unless plaintiff stipulates to accept awards of $500,000 for injury to reputation and $250,000 for emotional and physical injury. (Appeal from Judgment of Supreme Court, Niagara County, Koshian, J.—Defamation.) Present—Green, J. P., Lawton, Callahan, Doerr and Davis, JJ.