■ In the Matter of COHEN SWADOS WRIGHT HANIFIN BRADFORD & BRETT, L. L. P., Appellant-Respondent, v FRANK R. BAYGER, P. C., Respondent, FRANK R. BAYGER et al., Respondents-Appellants, and GROSS SHUMAN BRIZDLE & GILFILLAN, P. C., Appellant-Respondent, et al., Respondents. [703 NYS2d 319] —Appeal from order insofar as it denied reargument unanimously dismissed and order modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: This special proceeding involves a dispute over counsel fees to be paid out of an alleged multimillion dollar settlement recovered by respondent John Prozeralik in connection with his defamation action against respondent Capital Cities Communications, Inc. (*see, Prozeralik v Capital Cities Communications,* 222 AD2d 1020, *appeal dismissed* 88 NY2d 843, *lv denied* 88 NY2d 812). In 1982 Prozeralik retained petitioner, Cohen Swados Wright Hanifin Bradford & Brett, L. L. P. (Cohen Swados), to litigate the underlying action. In July 1990 Prozeralik discharged Cohen Swados, but agreed to the terms of a letter agreement providing that Cohen Swados would receive $25,000 at the time of discharge and one sixth of any verdict or settlement, said amount being one half of the contingent fee arrangement with incoming counsel, respondent Frank R. Bayger (Bayger). In October 1990 that agreement was modified by a letter authored by Bayger providing that Cohen Swados would receive 16% and Bayger 20% of any amount recovered pursuant to settlement or judgment and that Bayger would receive an additional 4% in the event of an appeal. In December 1990 Bayger entered into a letter agreement with respondent Gross Shuman Brizdle & Gilfillan, P. C. (Gross Shuman), for whom he was special counsel, providing that, of any judgment or settlement, Cohen Swados would receive 16%, Bayger would receive 12% and Gross Shuman would receive 8%. In October 1992 Bayger wrote a letter to Cohen Swados "revoking" their letter agreement upon the ground that Cohen Swados fraudulently misrepresented that the case was ready for trial.

Prozeralik was awarded a verdict of compensatory and punitive damages of $15,487,525. This Court affirmed the judgment (*Prozeralik v Capital Cities Communications,* 188 AD2d 178),

but the Court of Appeals reversed and ordered a new trial (82 NY2d 466, 470). Bayger suffered a stroke after the first trial and arranged for respondent Richard T. Sullivan (Sullivan) of respondent Sullivan, Benatovich, Oliverio & Trimboli (Sullivan Benatovich), who had handled the first appeal to this Court, to represent Prozeralik during the second trial. That trial resulted in a compensatory damages verdict of $9,500,000 and a punitive damages verdict of $500,000. This Court modified that judgment by vacating the award of punitive damages (222 AD2d 1020, *appeal dismissed* 88 NY2d 843, *lv denied* 88 NY2d 812, *supra*) and, during the pendency of Capital Cities' application for certiorari to the Supreme Court, the case was settled. The settlement funds were paid to Sullivan Benatovich in October 1996. The terms of the settlement are the subject of a confidentiality agreement, and the amount paid remains undisclosed.

In November 1996 Cohen Swados commenced this special proceeding seeking, *inter alia*, an order requiring disclosure of the settlement sum and a judgment against all respondents for 16% of the amount paid. Gross Shuman cross-claimed, seeking, *inter alia*, an order dismissing the petition as against it and a judgment against the other respondents for 8% of the settlement sum. With regard to Cohen Swados, Supreme Court determined, *inter alia*, that a hearing was required to resolve ambiguities created by the retrial and to determine the validity of the assertions of Prozeralik that he discharged Cohen Swados for cause. The court further determined that Cohen Swados' fee, if any, would be a part of the contingent fee based on the proportionate share of the work it performed on the entire case. The court originally ordered Bayger to pay Gross Shuman 8% of the settlement amount, but, upon granting those parts of the cross motion of Bayger and Frank R. Bayger, P. C. (collectively Bayger respondents) and the cross motion of Sullivan, Sullivan Benatovich and Prozeralik (collectively Sullivan respondents) for reargument, vacated that determination and ordered a hearing to determine the fee to which Gross Shuman was entitled, to be measured by quantum meruit based upon the proportionate amount of work it performed on the entire case. Cohen Swados, Gross Shuman, Bayger, and the Sullivan respondents each appeal from various parts of that order.

We conclude that, subject to a hearing on Prozeralik's affirmative defenses, Cohen Swados is entitled to 16% of the settlement amount. We agree with the contention of Cohen Swados that its letter agreements with Bayger are not ambiguous. It is well settled that the interpretation of an unambiguous contract

provision is a function for the court and that circumstances extrinsic to the agreement will not be considered when the intention of the parties can be gathered from the face of the instrument (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 572-573; *Teitelbaum Holdings v Gold*, 48 NY2d 51, 56; *West, Weir & Bartel v Carter Paint Co.*, 25 NY2d 535, 540, *rearg denied* 26 NY2d 883, *mot to amend remittitur granted* 26 NY2d 969). The letter agreements between Cohen Swados and Bayger unambiguously provide that Cohen Swados is to receive 16% of any settlement or verdict in the underlying action. However, because Prozeralik has set forth affirmative defenses asserting that Cohen Swados was discharged for cause, the court properly ordered a hearing to determine the issues raised by the affirmative defenses (*see, Teichner v W & J Holsteins*, 64 NY2d 977, 979).

We further conclude that Gross Shuman is entitled to 8% of the settlement amount in accordance with the terms of its unambiguous fee-splitting agreement with Bayger. "[A]n agreement between attorneys regarding the division of a legal fee is valid and enforceable in accordance with its terms, 'provided that the attorney who seeks his share of the fee contributed some work, labor or service toward the earning of the fee'" (*Grasso v Kubis*, 198 AD2d 811, 812, quoting *Oberman v Reilly*, 66 AD2d 686, 687, *lv dismissed* 48 NY2d 602, 654). The parties do not dispute that Gross Shuman provided Bayger with office support and the assistance of a Gross Shuman associate. Thus, we conclude that Gross Shuman is entitled to its share of the fee.

We disagree with the contentions of Bayger and the Sullivan respondents that the determination of the Court of Appeals ordering a new trial extinguished any claim to counsel fees by either Cohen Swados or Gross Shuman. *Shaw v Manufacturers Hanover Trust Co.* (68 NY2d 172) does not compel such a conclusion. In *Shaw*, the Court invoked the principle that any ambiguity in a retainer agreement will be construed as the client understands it (*see, Shaw v Manufacturers Hanover Trust Co., supra*, at 177; *see also, Abreu v Ferrer*, 239 AD2d 249; *Matter of Bizar & Martin v U. S. Ice Cream Corp.*, 228 AD2d 588, 588-589). In *Shaw* and *Abreu*, the retainer agreements made no mention of an appeal. Here, the letter agreement between Cohen Swados and Bayger specifically contemplates an appeal, and provides for additional counsel fees in that event.

We reject the contention of Cohen Swados that the court erred in denying its discovery motion. "The trial court has broad discretion to supervise discovery * * * especially in a

special proceeding" (*Matter of American Cyanamid Co. v Board of Assessors*, 255 AD2d 440, *lv dismissed* 93 NY2d 832; *see, Matter of General Elec. Co. v Macejka*, 117 AD2d 896, 897). Here, the court did not abuse its discretion in denying the discovery motion pending the outcome of the present appeal.

Bayger and the Sullivan respondents contend that Stenger & Finnerty, counsel for Cohen Swados, should be disqualified because the named partners and several associates of Stenger & Finnerty were formerly members and employees of Jaeckle, Fleischmann & Mugel, attorneys for Capital Cities in the underlying action. The court properly determined that the discontinuance by Cohen Swados of its action against Capital Cities has eliminated any apparent conflict surrounding the representation of Cohen Swados by Stenger & Finnerty. We agree with the contention of Bayger and the Sullivan respondents that all parties appearing in the action were required to stipulate to the discontinuance (*see,* CPLR 3217 [a] [2]; [b]). However, the fact that the Bayger respondents and the Sullivan respondents were not signatories to the discontinuance is of no consequence because they have failed to show that they were prejudiced thereby (*see generally, Barclays Bank v M & M Elecs. Assocs.*, 185 AD2d 580, 582).

No appeal lies from that part of the order denying reargument (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984). In any event, the court properly denied that part of the cross motion of the Bayger respondents to renew and reargue with respect to the court's initial determination. Those respondents failed to establish that " 'the purported "new" material was not in existence or was unavailable at the time the initial motion was made and to proffer a valid excuse for failing to submit that material in support of their initial motion' " (*Welch Foods v Wilson*, 247 AD2d 830, 830-831, quoting *Doe v Roe*, 210 AD2d 932, 933). In any event, the evidence offered by the Bayger respondents was cumulative and would not affect our determination herein.

We therefore modify the order by: (1) denying those parts of the cross motions of the Bayger respondents and the Sullivan respondents for reargument of the motions relating to the cross claims of Gross Shuman referenced in the seventh ordering paragraph; (2) amending the ninth ordering paragraph to provide that the hearing will determine the amount if any to be paid to Cohen Swados pursuant to the terms of the October 1990 letter agreement; (3) deleting the 10th ordering paragraph, which vacated the court's earlier determination that Gross Shuman was entitled to 8% of the settlement proceeds;

and (4) granting Gross Shuman judgment for counsel fees in accordance with the December 1990 agreement, and we direct an inquest to determine the same. (Appeals from Order of Supreme Court, Niagara County, Koshian, J.—Counsel Fees.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.