■ ROCHESTER COMMUNITY INDIVIDUAL PRACTICE ASSOCIATION, INC., Respondent, v FINGER LAKES HEALTH INSURANCE COMPANY, INC., Doing Business as FINGER LAKES BLUE CROSS, Appellant. (Appeal No. 2.) [722 NYS2d 663] —Order and judgment unanimously affirmed with costs. Memorandum: Plaintiff commenced this action seeking to recover millions of dollars in alleged underpayments under a written agreement between the parties for the years 1995 through 1998. Under that written agreement, defendant, a health maintenance organization, was obligated to pay plaintiff, an independent practice association of over 2,500 medical providers, for medical services provided by plaintiff's members to defendant's enrollees under health insurance policies issued by defendant to third parties. Defendant appeals from an order and interlocutory judgment that, *inter alia*, granted that part of plaintiff's motion seeking partial summary judgment on the first cause of action alleging a breach of the written agreement; denied defendant's cross motion for summary judgment dismissing the amended complaint on the basis of the first affirmative defense, which alleged an oral modification of the written agreement; severed the first cause of action from the remaining causes of action; and awarded plaintiff judgment in the principal amount of $3,291,012 on the first cause of action.

On appeal, defendant contends that the parties entered into an oral agreement to modify the written agreement; that plaintiff thereby waived the contractual writing requirements and the Statute of Frauds (General Obligations Law § 15-301); that defendant's part performance takes this case out of the Statute of Frauds; and that plaintiff is estopped from asserting the Statute of Frauds.

The parties' written agreement provided that it could not be amended except "on mutual agreement of the parties" "reduced to writing and signed by" both parties. Defendant admits that the parties never executed and signed a formal document incorporating the terms of the alleged oral modification agreement reached on May 15, 1996. If parties by their conduct indicate their mutual intent not to be bound until execution of a formal contract, effect will be given to that intention and, until the written contract is executed, no enforceable obligation will be held to arise (*see, Matter of Municipal Consultants & Publs. v Town of Ramapo,* 47 NY2d 144, 148-149; *Scheck v Francis,* 26 NY2d 466, 469-470).

Moreover, proof of the alleged oral modification agreement is

barred by the Statute of Frauds. Pursuant to General Obligations Law § 15-301 (1), "[a] written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent." The documents referred to by defendant as evidencing or confirming the parties' alleged oral modification agreement are insufficient to satisfy the Statute of Frauds. Those documents are not signed by agents of plaintiff, the party to be charged (*see generally, Parma Tile Mosaic & Marble Co. v Short,* 87 NY2d 524, 527-528; *Kaplan v Lippman,* 75 NY2d 320, 324, n), were prepared a month before any modification agreement allegedly was reached orally, and/or evidence a contractual dispute between the parties rather than the fact or terms of any oral modification agreement (*see, Fox Co. v Kaufman Org.,* 74 NY2d 136, 142-143; *Anostario v Vicinanzo,* 59 NY2d 662, 663).

We have considered defendant's claims of waiver, part performance, and estoppel and conclude that they are without merit (*see generally, Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229, 235-236; *Rose v Spa Realty Assocs.,* 42 NY2d 338, 343-344; *Geraci v Jenrette,* 41 NY2d 660, 666-667; *F.B. Tr. Rd. Corp. v DRT Constr. Co.,* 241 AD2d 930, 931).

Defendant further contends, in a point unrelated to the oral modification issue, that the court erred in interpreting the written agreement to require defendant to pay plaintiff a "PMPM" (capitation) fee for those enrollees who had not chosen or been assigned a primary care physician (PCP). We disagree. The written agreement defines the "PMPM" fee as "the amount paid by [defendant] to [plaintiff] each month for each Enrollee." Although it defines an "Enrollee" as "an individual who * * * has selected or been assigned a Participating Physician as his or her Primary Care Physician," the written agreement further provides that "Each Enrollee shall be required to select a Primary Care Physician responsible for coordinating his or her overall health care" and that "For Enrollees who fail to select a Primary Care Physician, a Primary Care Physician shall be designated in accordance with written procedures adopted by [defendant] and [plaintiff]." Apparently because of their dispute, the parties never agreed upon and adopted written procedures for designating a PCP for those enrollees who had failed to do so themselves.

Based upon our interpretation of the written agreement, we

conclude that it was the responsibility of defendant to designate a PCP for any enrollee who had failed to select one. Only defendant was in a position to make such a designation, because only defendant had a contractual relationship with its enrollees. Indeed, neither plaintiff nor its physician members would have any contact with an enrollee unless and until an enrollee selected a PCP or one was designated by defendant for an enrollee who had not made a selection. "A condition precedent is linked to the implied obligation of a party not to 'do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract' " (*A.H.A. Gen. Constr. v New York City Hous. Auth.,* 92 NY2d 20, 31, *rearg denied* 92 NY2d 920, quoting *Kirke La Shelle Co. v Armstrong Co.,* 263 NY 79, 87). " '[A] party cannot insist upon a condition precedent, when its non-performance has been caused by himself' " (*A.H.A. Gen. Constr. v New York City Hous. Auth., supra,* at 31, quoting *Young v Hunter,* 6 NY 203, 207). " '[O]ne may not take advantage of a condition precedent, the performance of which he himself has rendered impossible' " (*Kooleraire Serv. & Installation Corp. v Board of Educ.,* 28 NY2d 101, 106, quoting *Stern v Gepo Realty Corp.,* 289 NY 274, 277). Thus, we conclude that it would be unjust to allow defendant to refrain from carrying out its obligation to designate a PCP for an enrollee as a basis for depriving plaintiff of the capitation fee for that enrollee. (Appeal from Order and Judgment of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Green, J. P., Wisner, Hurlbutt and Burns, JJ.