■ ARLENE KOPRA, Appellant, v JOHN M. AQUINO, D.P.M., et al., Respondents. (Appeal No. 1.) [747 NYS2d 833] —Appeal from an order and judgment (one document) of Supreme Court, Erie County (Gorski, J.), entered September 28, 2000, which granted defendants' motions seeking summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendants' motions seeking summary judgment dismissing the complaint. Plaintiff commenced this medical malpractice action seeking damages for the alleged nerve damage resulting from the surgery performed on her left foot. Defendants established their entitlement to judgment as a matter of law "by coming forward with competent proof refuting the allegations of the complaint as amplified by the bill of particulars" (*Balnys v Town of New Baltimore,* 160 AD2d 1136, 1136; *see Reisch v Amadori Constr. Co.,* 273 AD2d 855, 857). In response, plaintiff failed "to produce evidentiary proof in admissible form establishing the existence of material questions of fact" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 326-327) with respect to the alleged nerve damage or "the new theory [of injury] hypothesized by plaintiff's counsel" (*id.* at 327). A medical report submitted by plaintiff in opposition to defendants' motions was not in admissible form and thus had no probative value (*see McGuirk v Vedder,* 271 AD2d 731, 732; *Parmisani v Grasso,* 218 AD2d 870, 872).

The court also properly denied that part of the motion of plaintiff seeking to renew her opposition to defendants' motions based on new facts (*see* CPLR 2221 [e]). Plaintiff "failed to establish that the purported 'new' material was not in existence or was unavailable at the time the initial motion[s] [were] made and to proffer a valid excuse for failing to submit that material" in opposition to the original motions (*Doe v Roe,* 210 AD2d 932, 933; *see Matter of Cohen Swados Wright Hanifin Bradford & Brett v Frank R. Bayger, P.C.,* 269 AD2d 739, 742; *Welch Foods v Wilson,* 247 AD2d 830, 830-831). Further, the court properly denied that part of plaintiff's motion seeking to

vacate the judgment on the ground that defendants' motions were not timely served. By contesting the motions on their merits, plaintiff waived her objection to the alleged untimely service (*see Roberts v Rothstein*, 32 Misc 2d 643, 644-645). Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.