■ COMPUTERIZED MEDICAL IMAGING EQUIPMENT, INC., Appellant, v DIASONICS ULTRASOUND, INC., Respondent. (Appeal No. 1.) [758 NYS2d 228] —Appeal from an order of Supreme Court, Erie County (Mintz, J.), entered October 5, 2001, which, inter alia, granted defendant's motion for summary judgment in part and dismissed the complaint except for that part of the first cause of action seeking past due sales commissions in the amount of $25,591.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, a former sales representative for defendant, commenced this action alleging that defendant had wrongfully terminated the parties' contractual relationship. The complaint asserts causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, quantum meruit, and tortious interference with economic advantage. With respect to the order in appeal No. 1, we conclude that Supreme Court properly granted plaintiff's cross motion for partial summary judgment on that part of the first cause of action seeking past due sales commissions in the amount of $25,591, which defendant does not dispute that it owes. The court otherwise properly granted defendant's motion for summary judgment and dismissed the remainder of the complaint.

This case was previously before us on an appeal involving an arbitration issue (see *Computerized Med. Imaging Equip. v Diasonics Ultrasound,* 278 AD2d 946 [2000]). The dispute arose following the expiration of an integrated written contract between the parties. The record establishes as a matter of law that the parties were unable to reach agreement on terms for extending their business relationship, and indeed never executed a written contract drafted to replace the expired written contract, thus signifying that there was no enforceable agreement between the parties. Where the parties by their conduct have manifested "their mutual intent not to be bound until execution of a formal contract, effect will be given to that intention and, until the written contract is executed, no enforceable obligation will be held to arise" (*Rochester Community Individual Practice Assn. v Finger Lakes Health Ins. Co.,* 281 AD2d 977, 977 [2001], citing *Matter of Municipal Consultants & Publs. v Town of Ramapo,* 47 NY2d 144, 148-149 [1979] and *Scheck v Francis,* 26 NY2d 466, 469-470 [1970]). In any event, absent a manifestation of mutual assent sufficiently definite to ensure that the parties are truly in agreement with respect to all material terms of the proposed contract, there is no basis for concluding that there is a contract in effect between the parties (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.,* 93 NY2d 584, 589 [1999], *rearg denied* 93 NY2d 1042 [1999]; *Joseph Martin, Jr., Delicatessen v Schumacher,* 52 NY2d 105, 109 [1981]).

Contrary to plaintiff's further contention, the ongoing dealings of the parties following the expiration of the prior written contract and during their attempts to negotiate a replacement

written contract do not establish that there was an implied-in-fact agreement between the parties incorporating the same termination provisions as those contained in the expired written contract and in the unexecuted replacement contract. " 'Where, after the expiration of a contract fixing the reciprocal rights and obligations of the parties, they continue to do business together, the conduct of the parties may at times permit, or even constrain, a finding that the parties impliedly agree that their rights and obligations in connection with such business should continue to be measured as provided in the old contract' " (*Town of Webster v Village of Webster,* 280 AD2d 931, 934 [2001], quoting *New York Tel. Co. v Jamestown Tel. Corp.,* 282 NY 365, 371 [1940]). "However, '[t]he fact that the parties continue to deal under some sort of informal arrangement does not, without more, mean that all the terms of the expired formal contract continue to apply' (*Twitchell v Town of Pittsford,* 106 AD2d 903, 904 [1984], *affd* 66 NY2d 824 [1985])" (*id.*). Here, "[t]he record belies plaintiff['s] assertions that there is a question of fact" concerning whether the parties intended that their relationship continue to be governed by the same termination provisions as those contained in the expired written contract and in the unexecuted replacement agreements (*id.*). Indeed, the record contains correspondence in which defendant, while consenting to a continuation of the business relationship between the parties, expressly characterized such ongoing relationship as "terminable-at-will." Defendant also put plaintiff on notice of the possible termination of the business relationship in the event that the parties could not reach agreement in writing on terms for extending or renewing the expired written contract.

In view of our determination that defendant was entitled to terminate plaintiff from its position as sales representative, we conclude that the court properly granted defendant's motion for summary judgment dismissing the complaint, with the exception of that part of the first cause of action seeking past due sales commissions that defendant does not dispute that it owes. In view of our determination, it is unnecessary to address plaintiff's remaining causes of action or the statute of frauds issue raised by plaintiff.

With respect to the order in appeal No. 2, we conclude that the court properly denied that part of the motion of plaintiff seeking to renew its opposition to defendant's prior motion for summary judgment dismissing the complaint. Plaintiff "failed to establish that the purported 'new' material was not in existence or was unavailable at the time the initial motion was

made and to proffer a valid excuse for failing to submit that material" in opposition to the original motion (*Doe v Roe,* 210 AD2d 932, 933 [1994]; *see Kopra v Aquino,* 298 AD2d 880 [2002], *lv dismissed in part and denied in part* 99 NY2d 573 [2003]; *Matter of Cohen Swados Wright Hanifin Bradford & Brett v Frank R. Bayger, P.C.,* 269 AD2d 739, 742 [2000]; *Welch Foods v Wilson,* 247 AD2d 830, 830-831 [1998]; *see generally* CPLR 2221 [e] [2], [3]). Present—Green, J.P., Pine, Hurlbutt and Lawton, JJ.