■ COMPUTERIZED MEDICAL IMAGING EQUIPMENT, INC., Appellant, v DIASONICS ULTRASOUND, INC., Respondent. (Appeal No. 2.) [755 NYS2d 910] —Appeal from an order of Supreme Court, Erie County (Mintz, J.), entered April 12, 2002, which, inter alia, denied plaintiff's motion to renew.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Same memorandum as in *Computerized Med. Imaging Equip. v Diasonics Ultrasound* (303 AD2d 962 [2003]). Present—Green, J.P., Pine, Hurlbutt and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATISHA BEATY, Appellant. [755 NYS2d 911] —Appeal from a judgment of Erie County Court (Drury, J.), entered February 28, 2001, convicting defendant upon her plea of guilty of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We reject the contention of defendant that County Court abused its discretion in denying her motion to withdraw her guilty plea. Although defendant alleged in support of the motion that she was pressured into pleading guilty, that allegation is belied by her statement during the plea proceeding that she was not threatened, coerced or otherwise influenced against her will into pleading guilty (*see People v Miller,* 252 AD2d 984 [1998], *lv denied* 92 NY2d 984 [1998]). Moreover, despite defendant's history of mental illness, "[t]here was not the slightest indication that defendant was uninformed, confused or incompetent" when she entered the plea (*People v Alexander,* 97 NY2d 482, 486 [2002]). The record establishes that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (*see People v Hidalgo,* 91 NY2d 733, 736 [1998]), and that waiver encompasses defendant's challenge to the severity of the sentence (*see People v Lococo,* 92 NY2d 825, 827 [1998]; *People v Grant,* 294 AD2d 671, 672-673 [2002], *lv denied* 98 NY2d 730 [2002]). Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.