■ In the Matter of the Arbitration between CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, ERIE COUNTY WHITE COLLAR UNIT LOCAL #815, Appellant, and COUNTY OF ERIE, Respondent. [758 NYS2d 226] —Appeal from an order of Supreme Court, Erie County (Cosgrove, J.), entered July 9, 2002, which granted the cross petition seeking to dismiss the petition as untimely and further seeking to confirm and enforce the written "Consent Award" alleged to have been entered into by the parties before the arbitrator, with the exception of that part of the award requiring the grievant to execute a general release of all claims arising out of his employment with respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the petition is granted and the cross petition is denied.

Memorandum: Petitioner union commenced this proceeding seeking to compel respondent public employer to resume its participation in an arbitration proceeding conducted pursuant to a collective bargaining agreement between the parties. That arbitration proceeding concerned certain grievances arising out of the discipline and ultimate termination of a union member and former employee of respondent (grievant). Petitioner appeals from an order granting respondent's cross petition seeking to dismiss the petition as untimely and further seeking to confirm and enforce the written "Consent Award" alleged to have been entered into by the parties before the arbitrator, with the exception of that part of the award requiring the grievant to execute a general release of all claims arising out of his employment with respondent.

Contrary to Supreme Court's determination, the petition to

compel the resumption of arbitration was not time-barred. Indeed, that petition is not subject to a statute of limitations, inasmuch as no new limitations period begins to run when a timely commenced arbitration is adjourned in contemplation of a settlement or is in fact settled. In any event, respondent's participation in the arbitration constituted a waiver of any right on respondent's part to raise a statute of limitations defense in court or obtain a stay of arbitration on statute of limitations grounds (*see* CPLR 7503 [b], [c]; 7511; *see generally Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 223 [1996]). Moreover, as properly measured from the demand for arbitration or notice of intention to arbitrate that petitioner must have served upon respondent prior to the initiation of arbitration proceedings in April 2000, respondent's cross petition was untimely to the extent that it in effect sought to stay arbitration (*see* 7503 [c]). Although respondent did not explicitly seek a stay of arbitration, it sought dismissal of the petition to compel the resumption of arbitration on statute of limitations grounds, which is directly analogous to a CPLR 7503 (b) application to stay arbitration. Pursuant to CPLR 7503 (c), unless the party served with a demand for arbitration or notice of intention to arbitrate applies to stay the arbitration within 20 days after service of such demand, the party "shall thereafter be precluded from * * * asserting in court the bar of a limitation of time" (*id.*; *see Matter of Travelers Prop. Cas. Corp. v Klepper,* 275 AD2d 234 [2000]; *Matter of Allstate Ins. Co. v Rosado,* 271 AD2d 527, 528 [2000]; *see generally Matter of Land of the Free v Unique Sanitation,* 93 NY2d 942, 943 [1999]).

Additionally, the court erred in granting that part of respondent's cross petition seeking to confirm and enforce the written "Consent Award" based on the court's determination that the parties had entered into an enforceable agreement settling the grievances and terminating the arbitration. Instead, the court should have granted the petition to compel the resumption of arbitration. There was no meeting of the minds or objective manifestation of agreement by the parties, and thus there was no basis for concluding that there was a contract in effect between them (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.,* 93 NY2d 584, 589 [1999], *rearg denied* 93 NY2d 1042 [1999]; *Joseph Martin, Jr., Delicatessen v Schumacher,* 52 NY2d 105, 109 [1981]). The agreement purportedly reached by the parties before the arbitrator is not evidenced by any transcript of those proceedings. Rather, the purported agreement is evidenced by a writing that contains spaces for signatures but no signatures.

In addition, the record establishes that the grievant's consent to the settlement, and that of the union itself, was contingent on the grievant's consultation with private counsel. The record further establishes that, upon consulting with private counsel, the grievant concluded that he should not release his discrimination claims and thus should not sign the "Consent Award." Thereafter, petitioner notified respondent of its desire to pursue the arbitration of the grievances to finality. Where, as here, the parties have manifested their mutual intent not to be bound until execution of a formal written contract, effect will be given to that intention (see Matter of Municipal Consultants & Publs. v Town of Ramapo, 47 NY2d 144, 148 [1979] citing Scheck v Francis, 26 NY2d 466, 469-470 [1970] and Schwartz v Greenberg, 304 NY 250 [1952]; Rochester Community Individual Practice Assn. v Finger Lakes Health Ins. Co., 281 AD2d 977 [2001]). We thus reverse the order, grant the petition to compel the resumption of arbitration, and deny the cross petition. Present—Pine, J.P., Scudder, Kehoe, Lawton and Hayes, JJ.