■ ADVILDA PEREZ, Appellant, v SUZANNE M. DAVIS, Respondent. [778 NYS2d 382]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered March 12, 2003. The order, insofar as appealed from, granted defendant's motion for leave to reargue plaintiff's motion for summary judgment and, upon reargument, denied plaintiff's motion on the issue of defendant's negligence.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and defendant's motion is denied.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries that she sustained in a motor vehicle accident when her vehicle collided with defendant's vehicle. Defendant did not oppose plaintiff's motion for summary judgment on the issue of negligence, and Supreme Court granted the motion. More than 30 days after service of a copy of the order granting plaintiff's motion, defendant moved for leave to reargue. The court erred in granting that motion because it was untimely (*see* CPLR 2221 [d] [3]; *Migliaccio v Phoenix Ins. Co.*, 91 AD2d 821 [1982]). In addition, defendant's motion improperly included "matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). Defendant contends for the first time on appeal that the motion was actually one seeking leave to renew, not to reargue, and thus that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). In any event, even assuming, arguendo, that the motion sought leave to renew, we would nevertheless conclude that the court erred in granting it. The purported "new" facts offered by defendant were excerpts from defendant's deposition transcript. Defendant failed to establish that these facts were not in existence or were unavailable at the time of plaintiff's motion (*see* CPLR 2221 [e] [2]; *Boreanaz v Facer-Kreidler,* 2 AD3d 1481, 1482 [2003]; *Computerized Med. Imaging Equip. v Diasonics Ultrasound,* 303 AD2d 962, 964-965 [2003]; *Shouse v Lyons,* 265 AD2d 901, 902 [1999]), and defendant otherwise failed to set forth a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Computerized Med. Imaging Equip.,* 303 AD2d at 964-965; *Kopra v Aquino,* 298 AD2d 880 [2002], *lv dismissed in part and denied in part* 99 NY2d 573 [2003]; *Giardina v Parkview Ct. Homeowners' Assn.,* 284 AD2d 953 [2001], *lv dismissed* 97 NY2d 700 [2002]). Present—Wisner, J.P., Hurlbutt, Gorski, Martoche and Hayes, JJ.