GHANSHYAM K. PATEL et al., Appellants-Respondents, v EXXON CORPORATION, as Successor in Interest to ESSO STANDARD OIL COMPANY, HUMBLE OIL AND REFINING COMPANY and THE HUMBLE COMPANIES CHARITABLE TRUST, Respondent-Appellant, et al., Defendants. [782 NYS2d 328]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered May 1, 2003. The order denied plaintiffs' motion for leave to renew and denied the cross motion of defendant Exxon Corporation, as successor in interest to Esso Standard Oil Company, Humble Oil and Refining Company, and The Humble Companies Charitable Trust, for summary judgment dismissing the indemnification cause of action for recovery of remediation costs.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking remediation and non-remediation damages that they sustained as a result of the leakage of petroleum from underground storage tanks on their property. On a prior appeal, we held that Supreme Court properly granted that part of the cross motion of Exxon Corporation (defendant) for summary judgment dismissing as time-barred those causes of action seeking non-remediation damages (Patel v Exxon Corp. [appeal No. 2], 284 AD2d 1007, 1008 [2001], lv dismissed 96 NY2d 937 [2001]). We

further held that the court properly denied that part of defendant's cross motion seeking to dismiss the indemnification cause of action for recovery of remediation costs (*id.*). Plaintiffs now appeal from an order in which the court, inter alia, denied their motion for leave to renew portions of defendant's initial cross motion, and defendant cross-appeals from the same order in which the court otherwise denied its subsequent cross motion for summary judgment dismissing plaintiffs' indemnification cause of action for recovery of remediation costs. We affirm.

The court did not abuse its discretion in denying plaintiffs' motion for leave to renew. Plaintiffs failed to establish that the purported new information was not in existence or was not available at the time of defendant's initial cross motion (*see* CPLR 2221 [e] [2]); *Boreanaz v Facer-Kreidler,* 2 AD3d 1481, 1482 [2003]; *Computerized Med. Imaging Equip. v Diasonics Ultrasound,* 303 AD2d 962, 964-965 [2003]). Plaintiffs further failed to set forth a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Computerized Med. Imaging Equip.,* 303 AD2d at 964-965; *Kopra v Aquino,* 298 AD2d 880 [2002], *lv dismissed in part and denied in part* 99 NY2d 573 [2003]; *Giardina v Parkview Ct. Homeowners' Assn.,* 284 AD2d 953 [2001], *lv dismissed* 97 NY2d 700 [2002]). The court also properly denied defendant's cross motion. Defendant established in support of its cross motion that the State of New York remediated the site at no cost to plaintiffs and executed a release discharging plaintiffs from any liability to the State for the cleanup costs. In opposition to the cross motion, however, plaintiffs established that they have incurred attorney's fees related to the cleanup of the petroleum contamination, and such expenses may be recovered under their indemnification cause of action for recovery of remediation costs (*see AMCO Intl. v Long Is. R.R. Co.,* 302 AD2d 338, 340-341 [2003]; *Strand v Neglia,* 232 AD2d 907, 909 [1996], *lv dismissed* 89 NY2d 1086 [1997]). Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.