■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDDIE SEALS, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [822 NYS2d 351]—

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered March 28, 2005 in a proceeding pursuant to CPLR article 70. The judgment, inter alia, granted respondent's motion for leave to renew and vacated the prior judgment granting the petition.

It is hereby ordered that said appeal be and the same hereby is dismissed without costs.

Memorandum: Because petitioner was released on parole on September 20, 2005, we dismiss this appeal as moot. We note, however, that, were this appeal properly before us, we would reverse the judgment. The record establishes that Supreme Court initially granted the petition seeking a writ of habeas corpus and that respondent thereafter moved for leave to reargue with respect to that petition. We agree with petitioner that the court erred in converting respondent's motion to one for leave to renew and erred in granting the motion and vacating the prior judgment that granted the petition. Motions for leave to reargue or renew are permitted with respect to "a prior motion" (CPLR 2221 [a]), but such motions have no application to a judgment determining a special proceeding. CPLR article 70 governs habeas corpus proceedings and, while a judgment issued in such a proceeding is subject to appeal (*see* CPLR 7011), Supreme Court has no authority to vacate its judgment and issue a contrary one based on "new" facts belatedly proffered by a respondent.

In any event, even assuming, arguendo, that CPLR 2221 were applicable, we would nevertheless conclude that the court abused its discretion by converting the motion to one for leave to renew and then granting the motion inasmuch as respondent did not comply with CPLR 2221 (e). The facts offered by respondent on "renewal" were in existence when the matter was initially before the court, and respondent gave no justification for originally conceding "facts" now claimed to be erroneous. Where CPLR 2221 (e) applies, compliance with that section is required (*see Robinson v Consolidated Rail Corp.*, 8 AD3d 1080 [2004]; *see also Patel v Exxon Corp.*, 11 AD3d 916, 917 [2004]; *Perez v Davis*, 8 AD3d 1086, 1087 [2004]; *Giardina v Parkview Ct. Homeowners' Assn.*, 284 AD2d 953 [2001], *lv dismissed* 97 NY2d 700 [2002]).

All concur, Hayes, J., not participating. Present—Gorski, J.P., Martoche, Green, Pine and Hayes, JJ.