■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT C. HINTON, JR., Appellant, v HAROLD GRAHAM, Superintendent, Auburn Correction Facility, Respondent. (Appeal No. 1.) [885 NYS2d 663]—Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered May 9, 2007. The judgment dismissed the petition for a writ of habeas corpus.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, petitioner appeals from a judgment dismissing his petition for a writ of habeas corpus. We affirm. "[I]t is well settled that a writ of habeas corpus is an improper vehicle for [raising] a claim of ineffective assistance of appellate counsel" (*People ex rel. Hendy v Leonardo*, 173 AD2d 992 [1991], *lv denied* 78 NY2d 857 [1991], *rearg dismissed* 82 NY2d 703 [1993]). The remaining issues raised in the petition were raised or could have been raised on direct appeal or by way of a postjudgment motion pursuant to CPL article 440 (*see People ex rel. Smith v Burge*, 11 AD3d 907 [2004], *lv denied* 4 NY3d 701 [2004]; *People ex rel. Mammarello v Donnelly*, 286 AD2d 937 [2001]). Moreover, "habeas corpus relief does not lie where[, as here, the] petitioner would not be entitled to immediate release even if his [or her] contentions had merit" (*People ex rel. Gloss v Costello*, 309 AD2d 1160, 1160-1161 [2003], *lv denied* 1 NY3d 504 [2003]; *see also Mammarello*, 286 AD2d 937 [2001]). Contrary to the further contention of petitioner, Supreme Court did not abuse its discretion in denying his application for assigned counsel inasmuch as "the petition 'lacked any justiciable basis upon which a writ of habeas corpus could be sustained' " (*People ex rel. Brown v Murray*, 284 AD2d 987, 988 [2001]; *see generally People ex rel. Williams v La Vallee*, 19 NY2d 238, 240-241 [1967]). Petitioner's further contention that this proceeding should be converted into one pursuant to CPLR article 78 is not properly before us because it is raised for the first time in petitioner's reply brief (*see generally O'Sullivan v O'Sullivan*, 206 AD2d 960 [1994]).

In appeal No. 2, petitioner appeals from an order denying his motion for "reconsideration." Because petitioner failed to allege any new facts or to demonstrate a change in the law, his motion is not one for leave to renew (*see* CPLR 2221 [e] [2]). Rather,

his motion is one for leave to reargue, and no appeal lies from an order denying a motion for leave to reargue (*see Pfeiffer v Jacobowitz*, 29 AD3d 661, 662 [2006]). In any event, motions for leave to reargue or to renew "have no application to a judgment determining a special proceeding" (*People ex rel. Seals v New York State Dept. of Correctional Servs.*, 32 AD3d 1262, 1263 [2006]). Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.