# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**634**

**KAH 11-00852**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
NATHAN LEWIS, PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

HAROLD D. GRAHAM, SUPERINTENDENT, AUBURN
CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT.

---

ADAM H. VAN BUSKIRK, AURORA, FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARLENE O. TUCZINSKI
OF COUNSEL), FOR RESPONDENT-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered March 7, 2011 in a proceeding pursuant to CPLR article 70. The judgment granted the motion of respondent to dismiss and dismissed the petition for a writ of habeas corpus.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus. We conclude that Supreme Court properly dismissed the petition. Habeas corpus relief is unavailable because petitioner's contention in support of the petition "could have been, or [was], raised on direct appeal or by a motion pursuant to CPL article 440" (*People ex rel. Mills v Poole*, 55 AD3d 1289, 1290, *lv denied* 11 NY3d 712; *see People ex rel. Robinson v Graham*, 68 AD3d 1706, *lv denied* 14 NY3d 706). "Habeas corpus relief also is unavailable because petitioner would not be entitled to immediate release from custody even in the event that his contention[] had merit" (*People ex rel. Almodovar v Berbary*, 67 AD3d 1419, 1420, *lv denied* 14 NY3d 703; *see People ex rel. Kaplan v Commissioner of Correction of City of N.Y.*, 60 NY2d 648, 649). Finally, "[b]ecause the petition lacked any justiciable basis upon which a writ of habeas corpus could be sustained, the court did not abuse its discretion in denying petitioner's application for assigned counsel" (*People ex rel. Gloss v Costello*, 309 AD2d 1160, 1161, *lv denied* 1 NY3d 504 [internal quotation marks omitted]; *see People ex rel. Hinton v Graham*, 66 AD3d 1402, 1402, *lv denied* 13 NY3d 934, *rearg denied* 14 NY3d 795).

Entered:  June 8, 2012                                    Frances E. Cafarell
                                                         Clerk of the Court