## SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

**781**

**CA 11-00264**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

GINA M. CHIAPPONE, INDIVIDUALLY AND AS NATURAL
GUARDIAN AND GUARDIAN OF THE PROPERTY OF BRITTNEY
A. CHIAPPONE, VINCENT M. CHIAPPONE, GIOVANNI J.
CHIAPPONE, MARIANA M. CHIAPPONE AND MICHAEL T.
CHIAPPONE, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK,
DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

ROSCETTI & DECASTRO, P.C., NIAGARA FALLS (JAMES C. ROSCETTI OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

BLEAKLEY PLATT & SCHMIDT, LLP, WHITE PLAINS (ROBERT D. MEADE OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered December 16, 2010.  The order
denied the motion of plaintiff for leave to reargue and renew.

It is hereby ORDERED that said appeal from the order insofar as
it denied leave to reargue is unanimously dismissed and the order is
otherwise affirmed without costs.

Memorandum:  Plaintiff appeals from an order that denied her
motion for leave to reargue and renew her prior motion for summary
judgment on the complaint and her opposition to the cross motion of
William Penn Life Insurance Company of New York (defendant) for
summary judgment dismissing the complaint.  The appeal from the order
insofar as it denied that branch of plaintiff's motion seeking leave
to reargue must be dismissed because no appeal lies from an order
denying leave to reargue (*see Hill v Milan*, 89 AD3d 1458).  The appeal
from the order insofar as it denied that branch of plaintiff's motion
seeking leave to renew, however, is properly before us (*see Kirchmeyer
v Subramanian*, 167 AD2d 851).

We conclude that Supreme Court did not abuse its discretion in
denying plaintiff's motion for leave to renew.  Plaintiff failed to
establish that the purported new evidence was not in existence or not
available at the time of the prior motion and cross motion (*see* CPLR
2221 [e] [2]; *Kirby v Suburban Elec. Engrs. Contrs., Inc.*, 83 AD3d
1380, 1381, *lv dismissed* 17 NY3d 783; *Patel v Exxon Corp.*, 11 AD3d
916, 917).  Plaintiff further failed to set forth a "reasonable

justification for the failure to present such facts on the prior motion [and cross motion]" (CPLR 2221 [e] [3]; *see Patel*, 11 AD3d at 917; *Robinson v Consolidated Rail Corp.*, 8 AD3d 1080).  Even assuming, arguendo, that plaintiff offered new facts in support of her motion for leave to renew, we conclude that those "new facts not offered on the prior motion [and cross motion] . . . would [not] change the prior determination" (CPLR 2221 [e] [2]; *see Garcea v Battista*, 53 AD3d 1068, 1070; *Cole v North Am. Adm'rs, Inc.*, 11 AD3d 974, 975).

To the extent that plaintiff advances contentions relating to the prior order denying her motion for summary judgment and granting defendant's cross motion for summary judgment dismissing the complaint, we note that plaintiff's appeal from that order was deemed abandoned and dismissed pursuant to 22 NYCRR 1000.12 (b) for failure to perfect it.  "[A] prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal" (*Bray v Cox*, 38 NY2d 350, 353; *see Alfieri v Empire Beef Co., Inc.*, 41 AD3d 1313), and we decline to exercise our discretion to review the merits of those contentions (*see Williams v Williams*, 52 AD3d 1271; *Alfieri*, 41 AD3d 1313; *see generally Faricelli v TSS Seedman's*, 94 NY2d 772, 774; *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 756).

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court