People ex rel. Hinspeter v Artus (2018 NY Slip Op 02057)





People ex rel. Hinspeter v Artus


2018 NY Slip Op 02057


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


218 KAH 17-00592

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. JOHN A.J. HINSPETER, II, PETITIONER-APPELLANT,
v
DALE A. ARTUS, SUPERINTENDENT, ATTICA CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT. 






JOHN A.J. HINSPETER, II, PETITIONER-APPELLANT PRO SE.


 Appeal from a judgment (denominated order) of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered February 6, 2017 in a habeas corpus proceeding. The judgment denied petitioner's "motion to compel." 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus. His initial petition and a subsequent motion for leave to reargue were denied. He then filed a "motion to compel," which was denied in an order from which he now appeals. Because petitioner "failed to allege any new facts or to demonstrate a change in the law," his motion to compel was in fact a motion to reargue, which has no application to a judgment determining a special proceeding, and from which no appeal lies in any event (People ex rel. Hinton v Graham, 66 AD3d 1402, 1402 [4th Dept 2009], lv denied 13 NY3d 934 [2010], rearg denied 14 NY3d 795 [2010]; see People ex rel. Seals v New York State Dept. of Corr. Servs., 32 AD3d 1262, 1263 [4th Dept 2006]). Moreover, petitioner's substantive claims are not properly raised in a petition for a writ of habeas corpus inasmuch as they "could have been raised on direct appeal or in a proceeding pursuant to CPL article 440" (People ex rel. Frederick v Superintendent, Auburn Corr. Facility, 156 AD3d 1468, 1468 [4th Dept 2017]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court